ORTH v. STEGER et al.

(District Court, S. D. New York.   June 2, 1919.)

1. CERTIORARI ⊂=47—STAY OF EXECUTION—DISCRETION OF FEDERAL DISTRICT COURT.

The District Court has power in its discretion to stay issuance of an execution on a judgment pending application for a writ of certiorari to the Supreme Court, in cases not reviewable by such court as a matter of right in any other way, notwithstanding the absence of statutory provisions authorizing a stay.

2. CERTIORARI ⊂=47—NATURE—SUPERSEDEAS.

A writ of certiorari is in the nature of a writ of error, and under the common law operates as a supersedeas.

3. CERTIORARI ⊂=47—STAY OF EXECUTION—DISCRETION OF FEDERAL DISTRICT COURT—SUFFICIENCY OF SHOWING.

In exercising its discretion to grant a stay of execution pending application to the Supreme Court for a writ of certiorari, the District Court must be satisfied of the good faith of the applicant, and must provide for sufficient security and for a prompt presentation of a petition for the writ.

At Law.   Action by Mountford S. Orth against Edward D. Steger and others, composing the firm of Steger & Co.   Judgment was rendered for plaintiff, and defendants move, by way of order to show cause, to stay execution pending application to the Supreme Court for a writ of certiorari.   Motion granted, on conditions.

Addison S. Pratt, of New York City, for the motion.
Alfred S. Barnard, of New York City, opposed.

MAYER, District Judge.   This is a motion (by way of order to show cause) to stay the issuance of execution to enforce the collection of a judgment in favor of plaintiff.   The action was at law and plaintiff prevailed in the District Court.   On review, the judgment was affirmed by the Circuit Court of Appeals.   Steger v. Orth, 258 Fed. 619, —— C. C. A. ——.   In due course, the Circuit Court of Appeals sent down its mandate in familiar form, and this court, in accordance with its duty, obeyed the directions of the mandate.

The cause is one where there can be no review by the Supreme Court of the United States as matter of right, but only by way of certiorari. Defendants assert that they intend to apply to the Supreme Court for a writ of certiorari, and pending such application they ask for stay of execution, offering to give any undertaking which the court may think adequate.

[1] Plaintiff insists that this court has no power in this case to make the order asked for.   It is true that there is nowhere any statutory provision authorizing a stay of execution in circumstances similar to those in the case at bar, yet the power to stay in the discretion of the District Court has long been accepted in this district as matter of practice.   In Foster's Federal Practice (5th Ed.) vol. 2, § 427, p. 1348), the author states:

"Stays of proceedings, pending an application to the Supreme Court of the United States for a writ of certiorari, are often granted, when security has been given pending the review by the Circuit Court of Appeals."

The only case cited by Foster to sustain the proposition, supra, is Boston & M. R. Co. v. Gokey (D. C.) 150 Fed. 686; but that case is one decided in this circuit, and, whether right or wrong, is in conformity with the practice here, and is entitled in this court to respectful consideration. But, in addition, there is substantial authority in support of the contention advanced by defendants' counsel. Freeman on Executions (3d Ed.) §§ 32, 32a; Blackburn v. Reilly, 48 N. J. Law, 82, 2 Atl. 817. The opinion of Van Syckel, J., in the Blackburn Case, supra, exhibits the reasoning in support of a stay so clearly and fully as not to require elaboration.

[2] A writ of certiorari is in the nature of a writ of error. Harris v. Barber, 129 U. S. 366, 9 Sup. Ct. 314, 32 L. Ed. 697. In Kountze v. Omaha Hotel Co., 107 U. S. 378, 381, 2 Sup. Ct. 911, 914 (27 L. Ed. 609) the court said:

"By the common law a writ of error, without any security, was of itself a supersedeas of execution from the time of its allowance or recognition by the court to which it was directed."

In 6 Cyc. 800, 801, it is stated:

"Except where the common-law rule has been changed, a certiorari to a subordinate court or tribunal or an officer operates as a stay of proceedings from the time of its service or of formal notice of its issue, unless the judgment or order complained of has begun to be executed."

See, also, Bailey v. Lansing, Fed. Cas. No. 738, 13 Blatchf. 424.

Finally, refusal of the right of this court to stay execution would seem to be inconsistent with the right to apply for a writ of certiorari. Facts might readily exist where failure to stay would result in complete loss, by paying to an irresponsible party a judgment which the Supreme Court later might have held was erroneously rendered. Further, if the judgment is fully satisfied, the case might become moot so far as concerns consideration by the Supreme Court of a petition for a writ of certiorari.

[3] I conclude, therefore, that this court has discretion to grant the stay. This court cannot assume to weigh the merits of the petition itself, for that would be another way of assuming to perform a duty of the Supreme Court; but, in the exercise of discretion, the court must be satisfied of good faith (and such it believes exists here), and by its order must provide for sufficient security, and for prompt presentation of the petition for the writ of certiorari.

Motion granted, on condition that sufficient security be given, and that the petition for the writ shall be promptly served and submitted. The details can be disposed of in the order, which may be settled on two days' notice.