MILLARD ADAMS v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellant.—33 S. W. (2d) 944.

Division Two, December 20, 1930.

*E. T. Miller, A. P. Stewart* and *C. H. Skinker, Jr.,* for appellant.

*Foristel, Mudd, Blair & Habenicht* for respondent.

BLAIR, P. J.—Action in damages for the negligent killing of plaintiff's wife and infant son. The petition was in two counts. Trial before a jury resulted in a verdict in plaintiff's favor on the first count, assessing his damages for the death of his child at the sum of $8,000, and on the second count, in a like sum for the death of his wife. After unsuccessfully moving for a new trial and in arrest of judgment, defendant was granted an appeal to this court.

The first contention of defendant is that the trial court should have sustained its demurrer to the evidence because plaintiff's cause of action, as pleaded in this suit, is barred by limitation, and also because the evidence offered upon the merits of the case was insufficient to prove the negligence charged against the defendant. The question of the bar of the action by limitation is the first question for consideration. The facts bearing upon that issue were agreed upon and dictated into the record as follows:

"It is admitted by the parties to this suit that on May 4, 1923, plaintiff instituted in the Circuit Court of the County of St. Louis, Missouri, a suit against this defendant to recover damages for the death of his infant child, Elmer, of the age of fifteen months, said suit being based upon and involving the same cause of action alleged in the first count of plaintiff's amended petition herein; that on the same date and in the same court plaintiff instituted another suit against this defendant to recover damages for the death of his wife, Bessie Adams, said suit being based upon and involving the same cause of action alleged in the ·second count of plaintiff's petition herein; that on the 21st day of July, 1924, depositions were duly taken by plaintiff of the witnesses Charles W. Schank, William Vaughn and Raymond Henry, said depositions being taken in the above-mentioned case in the Circuit Court of St. Louis County, Missouri, in which plaintiff sought to recover against defendant for the death of his wife, Bessie Adams, said case being case No. 42,746 in the Circuit Court of St. Louis County, Missouri; that thereafter on September 12, 1924, a petition was filed in the Circuit Court of St. Louis County, Missouri, for a consolidation of said cause 42,746, in-

volving the death of plaintiff's wife, Bessie Adams, with cause 42,745, being said cause involving the death of plaintiff's infant son, Elmer Adams, and for leave to file an amended petition in two counts for damages for the death of plaintiff's said wife and the death of plaintiff's said infant son; that upon the same date said petition was granted by the court and said causes were consolidated and said amended petition filed by leave of court; that thereafter on the 23rd of October, 1924, defendant filed its answer to said amended petition in said consolidated cause; that thereafter, on December 4, 1924, during the September, 1924, term of said court, the trial of said consolidated cause was begun in the Circuit Court of St. Louis County, Missouri, and that on December 5, 1924, at the close of the evidence on the part of plaintiff, the court, at the request of defendant, gave a peremptory instruction in the nature of a demurrer to the evidence and thereupon plaintiff took an involuntary nonsuit with leave to move to set same aside; that thereafter, on December 9, 1924, and during the same term, plaintiff filed his motion for new trial and that on December 15, 1924, during the same term, plaintiff's said motion for new trial was by the court overruled; that on January 9, 1925, and during the same term plaintiff duly filed his affidavit for an appeal and an order was duly made and entered by the Circuit Court of St. Louis County, Missouri, granting plaintiff an appeal to the Supreme Court of Missouri, in said case, and allowing plaintiff sixty days time to file his bill of exceptions; that no appeal bond was required of plaintiff or given by plaintiff in connection with said appeal; that plaintiff's bill of exceptions was signed, allowed and filed and ordered made a part of the record on January 15, 1925, in said Circuit Court of St. Louis County, Missouri.

"It is further admitted that this suit in the Circuit Court of the City of St. Louis, Missouri, involving the same subject-matter as was involved in said consolidated cause tried in the Circuit Court of St. Louis County, Missouri, as aforesaid, was instituted in the Circuit Court of the City of St. Louis, Missouri, on the 17th day of January, 1925, and that thereafter, on the 25th day of February, 1927, in the Supreme Court of Missouri, plaintiff dismissed his appeal from the Circuit Court of St. Louis County, Missouri, in said case involving the subject-matter herein and tried in the Circuit Court of St. Louis County, Missouri, as aforesaid."

The foregoing facts, together with the proven facts that the striking of plaintiff's wife and child by defendant's train and their resulting deaths occurred June 1, 1922, constitute all the facts necessary for a proper determination of the question of the bar of the Statute of Limitation.

Section 4221, Revised Statutes 1919, provides that every action under the preceding sections of Article I, Chapter 26, shall be com-

menced within one year after the cause of action shall accrue, and further provides that, "if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, . . . such plaintiff may commence a new action from time to time within one year after such nonsuit suffered. . . ."

In his brief plaintiff makes a frank concession with which we fully agree. As this greatly simplifies the scope of our inquiry on the point first under consideration, we quote therefrom as follows: "It is conceded by respondent that, if plaintiff did not 'suffer' a nonsuit at the time of the entry of the nonsuit judgment but only 'suffered' such nonsuit when the appeal in this court was dismissed, the causes of action sued on here would be barred by the first clause of Section 4221. . . ."

It is admitted by plaintiff that he took an involuntary nonsuit in the former consolidated suits on December 5, 1924, and after moving unsuccessfully for a new trial, appealed that case to this court and did not dismiss his appeal therein until February 25, 1927, which was over two years after the present suit was filed. He contends that he suffered a nonsuit in the first suit when the order of involuntary nonsuit was entered, because he did not give an appeal bond and thereafter no legal impediment existed to the enforcement of such judgment of nonsuit. On the other hand, defendant contends that the nonsuit was not suffered, within the meaning of Section 4221, until plaintiff dismissed his appeal in the first case and that the filing of the present suit, more than the one year after the cause of action accrued and before plaintiff thus suffered nonsuit in the first case, does not save plaintiff's causes of action from the bar of the statute provided in said section. Plaintiff concurs in defendant's view, provided we conclude that he did not suffer a nonsuit until his appeal was dismissed.

We think plaintiff's contention that he suffered a nonsuit when the judgment of nonsuit was entered, notwithstanding he took an appeal therefrom without bond, will scarcely stand analysis. He relies upon the language used by Judge NORTON in Chouteau v. Rowse, 90 Mo. 191, 2 S. W. 209. There plaintiff was compelled to take an involuntary nonsuit in an action to recover money alleged to have been paid to defendant as tax collector and misapplied by said defendant. Plaintiff appealed and within one year after the judgment of nonsuit had been affirmed, filed a new suit. Defendant, contending that the nonsuit was suffered when the order was entered, pleaded that the second suit was barred by limitation because not filed within one year after the judgment of nonsuit was entered in the circuit court. This court held that the nonsuit was not suffered until

the judgment of nonsuit was affirmed·upon appeal. In the opinion it was said:

"It will be observed that the statute does not in terms provide that the suit shall be brought within one year after nonsuit is *taken* or judgment of nonsuit *entered,* but within one year after such nonsuit is suffered. When, in contemplation of this statute, may it be said that a party has suffered a nonsuit? I think it is when a judgment of nonsuit is entered, to the enforcement of which no legal impediment exists. Nonsuits are either voluntary or involuntary, and it is held in the case of *Shaw* v. *Pershing, supra,* that both are included in, and referred to by, the act. When a voluntary nonsuit is taken, the plaintiff abandons his suit and it is ended; and we have held that from the judgment entered upon it, no appeal will lie, and in such case the judgment is operative and enforceable, and the party thus suffering the nonsuit must, to be protected by the statute, bring his action within one year after the judgment is rendered.

"But not so in the case of an involuntary nonsuit, which the plaintiff, by some adverse ruling of the court, is driven or compelled to take, with leave to move to set the same· aside with a view *not to abandon* the prosecution of the suit, but to further *prosecute* it by appeal, to test the correctness of such ruling. Such appeal, when taken, removes the cause from the circuit to the appellate court, and, when bond is given, as in this case, the judgment of nonsuit is superseded, and can only become operative and enforceable in the event of its being affirmed by the appellate court, and it is only when so affirmed that a plaintiff, in contemplation of this statute, can be said to suffer a nonsuit."

The language used in the foregoing opinion lends some color to plaintiff's contention. But the effect of such language must be determined by the facts of the case, and among those facts was the fact that Chouteau gave a supersedeas bond when he appealed. But such bond merely operated to stay an execution for the costs. His right to have the appellate court determine whether or not he had made a case for the jury in the trial court was not preserved by the fact that he gave an appeal bond. Nor would such right have been extinguished had he failed to give an appeal bond. He suffered no final disposition of his suit so long as his appeal from the court's refusal to set aside the nonsuit was pending, notwithstanding he failed to give an appeal bond.

The language used by Judge NORTON appears to have been stronger than the facts in the case called for. That language has been quoted from time to time in subsequent cases which are cited in appellant's brief, but always in a case where the new suit was filed after the appeal from the order refusing to set aside the nonsuit had been determined.

If plaintiff is correct in his contention that the entry of the judgment of nonsuit, and not the dismissal or final determination of the appeal in cases where no appeal bond has been given, starts the running of the period of limitation for bringing a new suit for the same cause of action, it would, in many cases, defeat the very purpose of Section 4221 and its companion statute, Section 1329. Such a holding would effectually deprive a plaintiff, who was too poor to give an appeal bond, of his right to prosecute an appeal from the trial court's refusal to set aside an involuntary nonsuit, no matter how erroneous the action of that court might have been in compelling the nonsuit or in refusing to set it aside. Before such a plaintiff could get his appeal without bond determined, a year would likely have passed. He could not afford to take the chance that the supposed erroneous ruling would be affirmed and he would thereby be deprived of his right to file a second suit.

The test of whether or not a nonsuit has been ''suffered'' is whether or not the order or judgment of nonsuit has finally terminated the suit. When a judgment of nonsuit has been appealed from, the nonsuit does not become final, in the sense that it ends the law suit, until the appeal, taken with or without appeal bond, has been disposed of consistently with such judgment.

The parties agree that, if plaintiff did not suffer a nonsuit in the former consolidated cases until his appeal was dismissed in this court, the present suit was barred by limitation and plaintiff did not make a case in the present suit to go to the jury under the evidence and the agreed facts. Plaintiff's present suit was filed more than a year after his causes of action accrued and cannot be maintained because it was not filed within a year after he suffered a nonsuit in an action which was filed within a year after the causes of action accrued.

It therefore becomes unnecessary to consider whether or not the evidence in the case tended to show negligence on the part of defendant for the deaths of the wife and child of plaintiff.

The judgment of the trial court is reversed. All concur.