### UNITED STATES v. SHAW et al.
### Cr. No. 1793-52.

United States District Court
District of Columbia.

Sept. 9, 1953.

Leo A. Rover, U. S. Atty., and John C. Conliff, Jr., Asst. U. S. Atty., Washington, D. C., for plaintiff.

Curtis P. Mitchell, Washington, D. C., for defendants.

LAWS, Chief Judge.

The mandate of the United States Court of Appeals for the District of Columbia Circuit, —— U.S.App.D.C. ——, —— F.2d ——, affirming the judgment in the above-entitled action, having been received and filed by the Clerk of this Court, has been presented to the Court for "execution and * * * proceedings * * * as according to right and justice and the laws of the United States ought to be had, * * *." Counsel for defendants has moved to stay receipt of the mandate pending presentation of a petition for writ of certiorari to the Supreme Court of the United States so that defendants may remain on bail.

The receipt by this Court upon presentment of a mandate of its superior court, however, is a purely ministerial act which cannot be stayed by action here. The District Court has no jurisdiction except to carry out the command of its appellate court; it cannot vary or examine the command for any other purpose than execution according to its terms. Mays v. Burgess, 1945, 80 U.S. App.D.C. 236, 152 F.2d 123. Any stay of

proceedings must be sought in the Court issuing the mandate rather than the Court receiving it. The question of bail is properly raised by proceedings under Rule 46(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and not by motion to stay receipt of the mandate of the Court of Appeals.

Defendants' motion to stay receipt of the mandate is accordingly denied.