**SHAW v. UNITED STATES.**

**WIGGINS v. UNITED STATES.**

**Nos. 11774, 11775.**

United States Court of Appeals
District of Columbia Circuit.

Argued July 8, 1953.

Decided Aug. 6, 1953.

Certiorari Denied Feb. 1, 1954.
See 74 S.Ct. 430.

Messrs. De Long Harris and Curtis P. Mitchell, Washington, D. C., with whom Messrs. B. Dabney Fox and William B. Harris, Washington, D. C., were on the brief, for appellants.

Mr. William J. Peck, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., Washington, D. C., was on the brief, for appellee.

Mr. E. Riley Casey, Asst. U. S. Atty., Long Island City, N. Y., and Mr. William R. Glendon, Asst. U. S. Atty., Washington, D. C., at the time the record was filed, also entered appearances for appellee.

Before PRETTYMAN, PROCTOR and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

These are appeals from judgments of conviction in a criminal case. Fourteen defendants were tried under a six-count indictment charging violations of the laws against lotteries.[1] Some pleaded guilty to one count, and some were acquitted by direction of the court. The case went to the jury in respect to three defendants. Shaw and Wiggins were found guilty on three counts—conspiracy to operate a lottery, operation of a lottery, and possession of numbers slips—and were sentenced to imprisonment. Sentences on the three counts were to run concurrently. Defendant Ledbetter was convicted on one count—possession of numbers slips—and was placed on probation. All three defendants appealed.

1. 31 Stat. 1330 (1901), as amended, D.C.Code § 22–1501 (1951); 52 Stat. 198 (1938), D.C. Code § 22–1502 (1951).

After extended observation of activities around two premises, one at 1724 Fifteenth Street and the other at 1919 Twelfth Street, both in northwest Washington, police officers filed long, detailed affidavits with the United States Commissioner, and two search warrants were issued by him. The warrants recited that there was probable cause to believe that property of various sorts used in a lottery was concealed on the premises.

A deputy United States Marshal, accompanied by police officers, executed the warrants. At the Fifteenth Street place the officers found lottery slips, money, books, adding machines, and other paraphernalia used in the numbers game. There were a number of people on the premises, including appellants Shaw and Wiggins. The property was seized, and the people were arrested. The officer in charge inquired whether any person present claimed any of the money found; no one did. He then inquired whether anyone claimed any personal property in the room; several claimed coats and hats, but none claimed the books, slips, etc. No one made claim to the premises, and the officers left a copy of the search warrant on the premises. In his motion to suppress the evidence seized, appellant Shaw asserted that the premises were in his lawful possession and custody, but in the brief filed in this court on behalf of appellants we are told: "Further, it must be borne in mind that the evidence revealed that neither Shaw nor Wiggins lived in the premises 1724 15th Street, N. W. * * *; that the evidence revealed that neither Shaw nor Wiggins owned or had control of said premises; * * *."

At the Twelfth Street address the officers entered and searched two bedrooms, one of them being that of defendant Ledbetter. They found her there, and she claimed certain of the money seized. Numbers slips were also found and seized.

The principal point on behalf of appellants Shaw and Wiggins relates to the admission of the papers and other property seized under the search warrant. They say that the search and seizure were illegal, because the copy of the search warrant left on the Fifteenth Street premises failed to state, either within the warrant or in documents attached thereto, the grounds or probable cause upon which it was issued. The warrant stated that the facts to sustain the belief respecting lottery paraphernalia were set forth in "the affidavit attached hereto and made a part hereof" and named the maker of the affidavit. Appellants' point is that a copy of the affidavit was not attached to the copy of the warrant which was left on the premises. They say that Rule 41(c) and (d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and Section 301 of Title 23 of the District of Columbia Code require the inclusion or attachment of the affidavit.

The Rule provides that a copy of a search warrant shall be given "to the person from whom or from whose premises the property was taken" or shall be left at the place. Appellants' contention relates to the sufficiency of the copy left on the premises. No contention is made that the affidavit was not attached to the original warrant, or that the officer did not have the original warrant in his possession, or that appellants did not see the affidavit and examine it in due course when they sought to do so. Since neither Shaw nor Wiggins, although present, made claim to the property when inquiry in that respect was made on the spot by the officers, and since they now disavow interest in the premises, they show no right to have been served with a copy of the warrant. A *fortiori* they cannot be heard to complain that the copy left on the premises when they failed to claim the right to be served was defective. This is not a case in which any prejudice of substance is alleged or shown.

Since Shaw and Wiggins were found guilty of possession of the slips which were seized, it might be argued that they must therefore be deemed to have been in such possession of that property

**300**

as entitles them to contest the validity of the search and seizure as such. This is a different matter from their standing to contest the sufficiency of the copy of the warrant left on the premises. They make one contention in respect to the substance of the search and seizure. They say there was no probable cause for the issuance of the warrant. Without deciding the point as to their standing, we dispose of the matter by saying that there was ample cause; and so, even if their standing to present the point was sustained, we would not sustain the point.

■ Appellants say that the court erred in refusing to instruct the jury that every circumstance relied upon by the prosecution as part of the circumstantial evidence tending to convict must be established beyond a reasonable doubt. The court instructed that every element of the offense must be established beyond a reasonable doubt. It instructed concerning circumstantial evidence and said that, in order to justify a verdict of guilty on such evidence alone, "Such evidence must be inconsistent with any other theory except the theory of the defendant's guilt." We find no error in these respects.

■ Whether the slips were "live" or "dead" is immaterial under the count charging operation of a lottery.[2] We find no other error in respect of the convictions of Shaw and Wiggins for operating a lottery. Since those convictions are sufficient to support the sentences and the other sentences run concurrently, we need not consider other points relating to the conspiracy or possession counts.

These appeals were consolidated for briefs and argument with No. 11786, Ledbetter v. United States. Decision and opinion in the Ledbetter case are reserved.

The judgments of the District Court as to Shaw and Wiggins are

Affirmed.

---

2. Harvey v. United States, 1952, 91 U.S.App.D.C. 36, 197 F.2d 594.