**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Samson EISNER (Principal) and United**
**Bonding Insurance Co. (Surety),**
**Defendants-Appellants.**

**No. 15125.**

United States Court of Appeals
Sixth Circuit.

Sept. 30, 1963.

SHACKELFORD MILLER, Jr., Circuit Judge.

This appeal is from a judgment in the amount of $5,000.00 against the appellants, Samson Eisner as principal, and the United Bonding Insurance Co., hereinafter referred to as the Bonding Company, as surety, on an appeal bond executed in the United States District Court for the Western District of Kentucky.

Eisner was convicted in the District Court for receiving and concealing stolen goods having a value of more than $5,000.00 transported in interstate commerce, in violation of Section 2315, Title 18 United States Code. Judgment was entered on November 18, 1960. Notice of appeal was filed on the same day and Eisner was admitted to bail in the amount of $5,000.00 pending appeal. Bond in that amount was executed on the same day by Eisner as principal and the Bonding Company as surety. The judgment of conviction was affirmed by this Court on January 10, 1962. Eisner v. United States, 297 F.2d 595. The mandate of this Court was issued on February 2, 1962, and was filed in the District Court on February 5, 1962. No motion was made in this Court for a stay of the mandate pending application to the Supreme Court for writ of certiorari. Nor was any motion ever made for a recall of the mandate.

Application was made by Eisner to a Justice of the Supreme Court for an extension of time in which to file a petition for writ of certiorari, which was granted on February 9, 1962, extending the time to and including March 6, 1962. The United States Attorney was notified of this extension by letter from Eisner's Attorney. The petition for writ of certiorari and record on appeal was filed with the Supreme Court on March 5, 1962.

On April 18, 1962, while the application for certiorari was pending, the United States moved in the District Court for forfeiture of the bond and for a bench warrant for Eisner's arrest on the ground that he had breached a condition of the bond by his failure to surrender himself

Joseph C. Healy, Cincinnati, Ohio; Howell W. Vincent, Covington, Ky., on brief, for appellants.

George H. Logan, Asst. U. S. Atty., Louisville, Ky.; William E. Scent, U. S. Atty., Louisville Ky., on brief, for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and TAYLOR, District Judge.

to the United States Marshal, as required by the bond, following the affirmance of the judgment of conviction in this Court and the issuance of its mandate on February 2, 1962.

On April 20, 1962, Eisner filed a response to the motion, which admitted the execution of the bond, the affirmance of the judgment of conviction, and the issuance of the mandate, but which stated, in opposition to the motion, that a Justice of the Supreme Court had on February 9, 1962, given Eisner until March 6, 1962, in which to file the petition for certiorari and that said petition was filed on March 5, 1962.

On April 21, 1962, an order dated April 20, 1962, was entered in the District Court directing a forfeiture of the bond and the issuance of a bench warrant. The bench warrant was issued on April 23, 1962, and Eisner was taken into custody by the United States Marshal on April 27, 1962. Eisner was thereafter taken to the Federal Penitentiary at Terre Haute, Indiana, where he is now incarcerated.

On April 23, 1962, the Supreme Court denied the petition for certiorari 369 U. S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17. A certified copy of the order of the Supreme Court was filed with the Clerk of the Court of Appeals for the Sixth Circuit on April 25, 1962.

On May 9, 1962, the Government moved in the District Court for judgment against Eisner and the Bonding Company in the sum of $5,000.00 under the appeal bond above referred to, setting out in the motion the affirmance of the judgment by the Court of Appeals on January 10, 1962, the issuance of the mandate on February 2, 1962, and the bond forfeiture on April 21, 1962. On May 17, 1962, the Bonding Company filed its response to this motion and moved that the bond forfeiture be set aside upon such conditions as the Court might impose and that judgment be entered for only such an amount as the Court deemed just and proper under the circumstances. The motion stated that at all the times referred to Eisner was within the jurisdiction of the Eastern District of Kentucky; resided at Newport, Campbell County, Kentucky, or Covington, Kenton County, Kentucky; that his presence and whereabouts were known by agents of the Federal Bureau of Investigation; that it was informed and believed that Eisner had applied for a writ of certiorari and that it in good faith believed that the bond was in full force until termination of the litigation by denial by the Supreme Court of the application for certiorari on April 23, 1962, and that by reason thereof the bond forfeiture on April 21, 1962, was illegal and should be set aside. On May 18, 1962, Eisner filed his response to the motion for judgment and his motion to set aside the bond forfeiture based on substantially the same grounds, and stating in addition that at all times following the execution of the bond he had been ready to surrender in execution of his sentence if required of him and if he had known of the denial of the petition for certiorari before he was taken into custody he would have voluntarily surrendered to the proper authorities.

On May 24, 1962, the District Judge entered an order adjudging the responses insufficient and entered judgment in the sum of $5,000.00 against Eisner as principal and the Bonding Company as surety on the bond.

On June 20, 1962, Eisner and the Bonding Company filed in the District Court their notice of appeal from the "Order of bond forfeiture entered on the 20th day of April 1962" and "from an Order entered on May 24, 1962 sustaining the motion for judgment in favor of the United States of America and overruling the response and motion of the United Bonding Insurance Company to set aside said forfeiture." Bond in the amount of $6,-000.00 was filed at the same time.

On June 26, 1962, the appellants, jointly and severally, filed a motion in the District Court that the Court set aside and cancel the "Order of Forfeiture" entered on April 20, 1962.

On June 28, 1962, by stipulation of parties, a hearing was held before the

District Judge on this motion, who on the same day entered an order overruling the motion. Evidently, the District Judge was not advised by counsel that an appeal to the Court of Appeals was then pending, having been filed on June 20, 1962, which divested the District Court of jurisdiction to hear and rule on the motion of June 26, 1962. Rules 37(a)(1) and 39(a), Rules of Criminal Procedure; United States v. Frank B. Killian Co., 269 F.2d 491, 494, C.A.6th; Edmond v. Moore-McCormack Lines, 253 F.2d 143, 144, C.A.2nd, cert. denied, 358 U.S. 848, 79 S.Ct. 73, 3 L.Ed.2d 82; Peterman v. Indian Motorcycle Co., 216 F.2d 289, 291, C.A.1st. Reference by counsel to what took place and what was said at this hearing is, accordingly, not before the Court on this review. It appears that this motion was in substance incorporated in the responses of the appellants filed on May 17 and 18, 1962, to the motion of the Government for judgment on the bond following the order of forfeiture on April 20, 1962, from which judgment, thereupon entered, the present appeal was taken. In reviewing the validity of the judgment we include a consideration of the April 20, 1962, Order of Forfeiture of the bond.

Rule 46, Rules of Criminal Procedure, dealing with bail, the execution of a bond, forfeiture of bail for breach of condition of the bond, and for enforcement of the forfeiture, is the applicable rule in this case. It will be seen that a proceeding for enforcement embodies two separate steps,—first, a declaration of forfeiture by the court of the bail for breach of condition of the bond, which the court may later set aside if it appears that justice does not require the enforcement of the forfeiture, and, second, when a forfeiture has not been set aside, the court shall on motion, without the necessity of an independent action, enter a judgment of default upon which execution may issue. These separate steps were taken in the present case.

The Bonding Company argues in its brief that it was not notified of the Government's motion for bond forfeiture, which was heard and sustained by the Court on April 20, 1962. We find no merit in this argument.

The Certificate of Service of the Government attorney, filed with the motion, states that a copy of the motion was mailed to the two attorneys for Eisner and also to the Bonding Company at Indianapolis, Indiana, and to the office of its agent in Covington, Kentucky, who executed the bond on its behalf. Rule 46(f)(3), Rules of Criminal Procedure, provides that by entering into the bond, the obligors submit to the jurisdiction of the District Court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served; that liability may be enforced on motion without the necessity of an independent action; and that the motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses. The record itself contains no allegation by the Bonding Company that it did not receive notice of the motion and hearing.

The attorney for Eisner filed a response to the motion which set out the filing by Eisner of his petition for certiorari on March 5, 1962, and the service of notice of filing upon the Solicitor General and the United States Attorney representing the Government in this action, and which challenged the validity of the Order of Forfeiture. In addition, the Bonding Company was notified of the Government's later motion for judgment on the bond forfeiture, and filed its response to that motion, including in the response its motion to set aside the bond forfeiture, which, upon consideration by the District Judge, was overruled.

Appellants' main contention is that the judgment on the bond forfeiture was invalid because it was taken at a time when the petition for certiorari was pending and undisposed of. This presupposes that the filing of a petition for certiorari operates as a stay of proceedings in the Court of Appeals and the District Court. We do not agree with this contention.

In the case at bar no application was made for stay of mandate in the Court of Appeals and the mandate duly issued on February 2, 1962. That transferred jurisdiction of the case back to the District Court, where enforcement of the judgment, including action on the bond if justified by the facts, was authorized and proper. Hartford-Empire Co. v. Hazel-Atlas Glass Co., 137 F.2d 764, 770, C.A.3rd, reversed on other grounds, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; United States v. Shaw, 115 F.Supp. 532, D.C.D.C., affirmed on other grounds, 93 U.S.App.D.C. 90, 209 F.2d 298, cert. denied, 347 U.S. 905, 74 S.Ct. 430, 98 L.Ed. 1063. We recognize that the issuance of the mandate did not bar a petition for certiorari by the defendant to the Supreme Court. Carr v. Zaja, 283 U.S. 52, 53, 51 S.Ct. 360, 75 L.Ed. 836; The Conqueror, 166 U.S. 110, 113, 17 S.Ct. 510, 41 L.Ed. 937. The time for withholding the issuance of the mandate expired before the ninety days, provided by statute for seeking certiorari, expired, Section 2101 (c), Title 28 United States Code, and the Supreme Court was not divested of its possible jurisdiction by the issuance of the mandate before the expiration of such time. But the filing of a petition for certiorari does not automatically stay proceedings in the District Court to which a mandate affirming the judgment has issued. Section 2101(f), Title 28 United States Code, provides for obtaining a stay of execution and enforcement of the judgment by a judge of the court rendering the judgment or by a Justice of the Supreme Court in order to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. Rules 27 and 51 of the Supreme Court regulate the procedure in that court for obtaining such a stay. Eisner did not avail himself of these remedies. His failure to do so permitted the valid execution and enforcement of the judgment in the District Court. Magnum Import Company, Inc. v. Coty, 262 U.S. 159, 43 S.Ct. 531, 67 L.Ed. 922; St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199.

Counsel for appellants relies strongly upon Orth v. Steger, 258 F. 625, 626, S.D.N.Y., and Waskey v. Hammer, 179 F. 273, 274, C.A.9th, cert. denied, Waskey v. Chambers, 216 U.S. 622, 30 S.Ct. 577, 54 L.Ed. 641, holding that a writ of certiorari to a subordinate court operates as a stay of proceedings from the time of its service or of formal notice of its issuance. Those cases deal with situations where the writ was issued. The writ was not issued in the present case. It was only applied for and the application was denied. If an application for a writ is an automatic stay of execution, it would seem that the procedure provided by Section 2101(f), Title 28 United States Code, for obtaining a stay for a reasonable time "to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court, * * *" would be superfluous and unnecessary.

The fact that appellants may have been erroneously advised or were erroneously of the opinion that a stay was in effect until the Supreme Court denied the petition for certiorari does not, in our opinion, affect the validity of the judgment, although it is a fact for the consideration of the trial judge in passing upon a motion to set aside a bond forfeiture or to remit in whole or in part a judgment based thereon, under the provisions of Rule 46(f) (2) and (4), Rules of Criminal Procedure. This is a matter, however, which rests in the discretion of the trial judge. United States v. Davis, 202 F.2d 621, 624–625, C.A.7th, cert. denied, sub nom. Ferguson v. United States, 345 U.S. 998, 73 S.Ct. 11, 41, 97 L.Ed. 1404; Larson v. United States, 296 F.2d 167, 170–171, C.A.8th.

There is one aspect of this case, however, which is not satisfactorily answered by the record presented to us. We are not dealing here only with any duty on the part of Eisner to surrender himself to the Marshal, or with the right of the Government to take Eisner into custody, if he did not so surrender, immediately upon the issuance of the mandate affirming the judgment of the District Court, even though an application

**43**

for certiorari was pending. As hereinabove indicated, we think the Government had that right. But the present proceeding is not an attempt to enforce that right. Eisner is in custody and is serving his sentence. He is not challenging the validity of his incarceration. This proceeding is an action on the bond against both Eisner and the Bonding Company. Their obligation, particularly that of the Bonding Company, which was not a party to the criminal proceedings in the District Court, must be measured by the terms of the bond. The condition of the bond is expressly stated therein that if Eisner "shall surrender himself in execution of the judgment and sentence appealed from *as such court may direct* if the judgment and sentence against him shall be affirmed * * *" (emphasis added), then the obligation is to be void. If this condition was complied with, or if the Court gave no direction with the result that there was no disobedience of a direction of the Court, there is no obligation under the bond. Bail bonds, which do not always use the same language, are to be strictly construed in favor of the surety and no recovery should be had upon such a bond except upon a clear showing of liability under its express conditions. Swanson v. United States, 224 F.2d 795, 800–801, C.A.9th; Dudley v. United States, 242 F.2d 656, 658, C.A.5th; Barnes v. United States, 223 F.2d 891, 893, C.A.5th. Accordingly, we look to see what direction, if any, the Court made with respect to Eisner's surrender, and what refusal, if any, there was on the part of Eisner to obey such direction of the Court.

The Government apparently recognized this conditional liability. Its motion for bond forfeiture contains the allegation that on two occasions the United States Marshal requested Eisner's attorney to inform Eisner of the affirmance of the judgment of conviction and to have Eisner surrender himself to the Marshal "as required by the aforesaid appeal bond, but said defendant has not and continues to refuse to surrender himself to said Marshal." Eisner's response to this motion contains a denial that any such request had been made on counsel who represented Eisner since March 2, 1962, although Government counsel knew of such representation. The responses of the two appellants to the Government's motion for judgment on the bond forfeiture set out in substance that at all times since the execution of the bond, Eisner was ready to surrender himself in execution of his sentence and was available for being taken into custody by the Marshal.

We find no evidence in the record to support the Government's allegation that Eisner was called upon to surrender himself and refused to do so. The Government's brief indicates that Eisner's refusal to surrender was brought to the attention of the District Judge in the hearing on the motion for bond forfeiture, but whether it was so shown by evidence or merely so stated to the Court by Government counsel does not appear. Factual statements by counsel are not ordinarily accepted by the Court unless acquiesced in by opposing counsel. The record does not contain a transcript of the hearing. In the absence of an official record of what transpired at the hearing, we cannot consider any evidence which may have been offered at the hearing or colloquies between Court and counsel which may have occurred. Cox v. General Electric Company, 302 F.2d 389, C.A.6th.

Whether the bond forfeiture was correctly ordered, and if correctly ordered, whether the District Judge abused his discretion in not setting it aside or in not remitting the judgment on the forfeiture in whole or in part, depends largely upon the evidence before the Court at the hearing on the Government's motion for bond forfeiture. Dudley v. United States, 242 F.2d 656, 659, C.A.5th; Smaldone v. United States, 211 F.2d 161, C.A.10th. Before disposing of this appeal we are of the opinion that a supplemental record should be filed by the appellee, if it so desires, showing what transpired at that hearing. Rule 39(b), Rules of Criminal Procedure; Rule 75(b) and (n), Rules of Civil Proce-

dure; American Chemical Paint Company v. Dow Chemical Co., 164 F.2d 208, 209, C.A.6th; Miller v. United States, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179.

Judgment is reserved at the present time and the parties are given sixty days in which to supplement the record. Counsel for the respective parties are given twenty days after the filing of such supplemental record in which to file with the Clerk of this Court four copies of supplemental briefs in typewritten form on the issue so presented.

Swygert, Circuit Judges, voted to grant the rehearing en banc.