**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Wesley MILLER, Defendant-Appellant.**

**No. 15185.**

United States Court of Appeals
Sixth Circuit.

Oct. 11, 1963.

**404**

Richard C. Curry and Albert A. Rogoff, Cincinnati, Ohio (McIlwain, Rogoff & Curry, by Albert A. Rogoff, Cincinnati, Ohio, on the brief), for appellant.

Arthur L. Brooks, Lexington, Ky. (Bernard T. Moynahan, Jr., U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before WEICK, Circuit Judge, and KALBFLEISCH and PECK, District Judges.

ORDER.

The defendant, John Wesley Miller, was charged in the District Court in a two-count indictment with violation of Title 18 U.S.C. §§ 371 and 2421. He was admitted to bail in the amount of $4,000 on November 9, 1961. His surety was United Benefit Fire Insurance Company of Omaha, Nebraska. The bond was conditioned for his appearance in the District Court on "March 12, 1962 at 10 a. m. in accordance with all orders and directions of the Court * * *." He failed to appear at that time and the court ordered his bond forfeited. On March 14, 1962 the Government moved for a default judgment on said forfeiture stating erroneously in said motion that the bond was in the amount of $8,000. The motion was by order of the court set for hearing on September 24, 1962. On March 21, 1962 the bonding company filed its "Motion to Set Aside Order of Forfeiture And For Remission of Bail." The motion alleged that the defendant was unable to appear on the day specified in the appearance bond because he was incarcerated in a jail in the state of Florida. The motion further stated that the bonding company, at its own expense, caused defendant to be removed from the state of Florida and surrendered to the United States Marshal in Kentucky within one week from the date scheduled for his appearance in the criminal case in the District Court. The bonding company filed a response to the Government's motion of default on September 24, 1962 which contained factual allegations similar to its previous motion.

In oral argument, we were informed by counsel that defendant had been charged with an offense in Florida and the bonding company was required to execute an appearance bond there to secure his release in order to return him to Kentucky. There was no claim that he was detained in Florida because of conviction of any offense. We were further advised that after his return to Kentucky he was convicted in the District Court and sentenced to the custody of the Attorney General for six years for a different offense and that there has been no trial on the indictment in the case at bar, none of this information appears in the record before us.

The District Court entered a judgment of default on September 25, 1962 against the defendant and the bonding company in the amount of $4,000. The order recites that the bonding company made response to the motion for

judgment of default on September 24, 1962, but nowhere does it appear that the court heard and determined the motion of the bonding company for remission of bail filed on March 21, 1962. No transcript of evidence has been filed of the hearing on the motion for judgment by default. We do not know whether evidence was offered. We do not know whether the Government incurred any expense as a result of the failure of the defendant to appear. The Government's brief states that the motion for remission was denied, but we do not so interpret the court's order. Rule 46(f)(4), Federal Rules of Criminal Procedure, authorized remission "after entry of such judgment * * *." Under this rule proper procedure would seem to require that the motion for remission be determined after the judgment of default has been entered.

The record before us indicates that only the defendant, John Wesley Miller, appealed from the judgment of default. No notice of appeal was filed by the bonding company.

In the present appeal, the defendant and the bonding company may question the validity of the judgment by default. Orderly procedure, however, requires that questions concerning the right of the bonding company to remission be heard in this Court at the same time. The questions involved in each matter are closely related. The determination of the bonding·company's motion for remission may vitally affect the rights of the defendant.

Leave is, therefore, granted to the District Court to hear and determine the motion filed by the bonding company for remission of the judgment and in connection therewith to take evidence and adopt findings of fact and conclusions of law. See: United States v. Eisner, 323 F.2d 38 (C.A. 6).

Judgment in the present case is reserved to await such determination and any appeal taken therefrom will be ordered consolidated with this appeal.