Andrew KONSTANTINIDIS, Libellant,

v.

S.S. TARSUS, her engines, boilers, etc. and against Denizcilik Bankasi T.A.O., in a cause of contract civil and maritime, Respondents.

United States District Court
S. D. New York.

Jan. 24, 1966.

Maurice & McNamee, New York City, for National Surety Corporation; William P. Sullivan, Jr., New York City, of counsel.

Lester M. Levin, New York City, for respondents; Richard Gyory, New York City, of counsel.

BONSAL, District Judge.

This motion arises out of an action brought by the libellant in 1961 against the respondent for an alleged breach of a charter party. At the time the libel was filed, libellant attached several of respondent's bank accounts in New York, and to release this attachment, respond-

10. 260 U.S. at 99, 43 S.Ct. at 41; Madsen v. Kinsella, supra.

11. Cf. Reid v. Covert, supra.

12. Madsen v. Kinsella, supra.

ent, as required by Admiralty Rule 5, 28 U.S.C.A., posted a bond in the sum of $250,000 pursuant to order of this court. The surety on the bond was the National Surety Corporation (National). Subsequently, on June 11, 1965, this court entered an order, 248 F.Supp. 280 dismissing the libel against the respondent and directing "that the bonds and stipulations filed by and/or on behalf of the respondents be and the same hereby are cancelled and discharged of record, except that said cancellation and discharge is hereby stayed for ten days from the date of this order." This stay was continued pending appeal by the libellant. The Court of Appeals affirmed on November 16, 1965, 354 F.2d 240, and its judgment was entered in this court on December 10, 1965.

Respondent, by order to show cause, seeks an order against National directing it to return to the respondent $270,000 of collateral security which the respondent deposited with National at the time the bond was executed. Respondent contends that upon the entering of the judgment of the Court of Appeals in this court, the bond was cancelled and that under the terms of the collateral security agreement entered into between respondent and National, respondent is entitled to the return of the collateral. National urges that since the time in which libellant may apply for a writ of certiorari to the Supreme Court has not yet expired, National's liability on the bond is not yet discharged and that, therefore, under the terms of the collateral security agreement pursuant to which the bond was issued, National is not yet obligated to return the collateral.

The bond provides that respondent and National "shall abide by all orders of the Court, interlocutory or final and pay the amount awarded by the final decree rendered by this Court, or by any appellate court if an appeal intervene, * * *." As a condition of its executing this bond, National required respondent to deposit full cash collateral, and at the time this collateral was deposited, the parties executed the collateral security agreement, which provides in part:

"Upon receipt of written evidence satisfactory to Surety of its discharge from all liability under such bonds, and of ownership of the collateral security by the applicant (it being recognized that differences of opinion with regard to proof of ownership and of termination of liability, require the giving of considerable latitude to Surety in the determination of what evidence is reasonable), and of payments of all amounts due as provided herein, Surety shall, within a reasonable time, return said collateral security or the proceeds thereof, * * *."

The issue thus presented is whether respondent has presented satisfactory evidence of discharge of National's liability under the bond so as to require National to return the collateral. This, in the first instance, depends upon whether as a matter of law National's liability under the bond has in fact terminated.

Since the order of this court dated June 11, 1965 as affirmed by the Court of Appeals provides that the bond be cancelled and since libellant has obtained no stay of execution of this order under 28 U.S.C. § 2101(f) or 2nd Cir. Rule 28(c), 28 U.S.C.A., respondent contends that it is entitled to the return of its collateral. See United States v. Eisner, 323 F.2d 38 (6th Cir. 1963). However, the June 11, 1965 order must be construed under Admiralty Rule 5, 28 U.S.C.A., pursuant to which the bond was issued. Admiralty Rule 5 requires that the bond be conditioned to require the surety to pay the amount awarded by "any appellate court." The bond, in conformity with Rule 5, used the same language in stating the obligations of the surety. Thus, the surety could be held liable if the Supreme Court were to grant certiorari and to reverse the judgment below. Therefore, National's liability under the bond does not terminate before libellant's time to petition for a writ of certiorari expires. National is therefore not obligated to return the collateral to respondent at this time. Accordingly, respondent's motion is denied.

It is so ordered.