Wallace GLICK, by his next friend, Bessie McGinty, and Bessie McGinty, Appellants,

v.

BALLENTINE PRODUCE, INC., Appellee.

No. 19068.

United States Court of Appeals Eighth Circuit.

July 24, 1968.

Elwyn L. Cady, Jr., Kansas City, Mo., and Independence, Mo., for appellants and filed brief.

Morris H. Kross of Rogers, Field & Gentry, Kansas City, Mo., for appellee and filed brief.

Before VOGEL, Senior Circuit Judge, and BLACKMUN and LAY, Circuit Judges.

VOGEL, Senior Circuit Judge.

Plaintiffs-appellants appeal from a dismissal of their suit brought under the Missouri wrongful death statute in the United States District Court for the Western District of Missouri. While the facts in this case are not involved, a chronology of the events is important. In this regard, it is noted that the deceased was killed in a motor vehicle accident on a highway in the State of Missouri on October 14, 1962. Suit was filed in the United States District Court for the Western District of Arkansas on April 17, 1963, asserting a joint common-law right of action for wrongful death as widow and minor child. On February 25, 1964, such action was transferred, on defendant's motion, to the Western District of Missouri pursuant to 28 U.S.C.A. § 1404(a). In that original suit, plaintiffs argued that Arkansas law applied. On April 14, 1964, however, Judge Duncan of the District Court for the Western District of Missouri found that the complaint did not state a cause of action and ordered that plaintiffs be given 20 days to amend their complaint to comply with the Mis-

souri wrongful death statute. Plaintiffs chose to stand on their complaint and it was dismissed "on the merits" and "with prejudice" by Judge Duncan on October 1, 1964. On appeal, that dismissal was affirmed by this court on April 14, 1965, Glick v. Ballentine Produce, Inc., 8 Cir., 1965, 343 F.2d 839. Rehearing was denied therein on May 10, 1965, and on May 21, 1965, this court issued its mandate. Without seeking a stay of the mandate issued by this court on May 21, 1965, plaintiffs, on August 9, 1965, filed a petition for a writ of certiorari with the Supreme Court of the United States, which writ was denied on October 25, 1965, 382 U.S. 891, 86 S.Ct. 184, 15 L.Ed.2d 149.

The present action was filed on October 18, 1966, finally stating a cause of action under the Missouri wrongful death statute. That statute contains a one-year limitation but provides also that if " * * * the plaintiff [suffers] a nonsuit * * * such plaintiff may commence a new action from time to time within one year after such nonsuit was suffered * * *." § 537.-100 V.A.M.S. The lower court dismissed this suit for failure of plaintiffs to comply with the one-year limitation of § 537.100.

Plaintiffs state that the primary issue before us is whether the lower court erred "in holding that the time within which a cause can be refiled under a savings clause is to be measured from the date of a mandate in this court rather than from the time certiorari is denied in the Supreme Court." We think there are additional facets to the problem before us.

The pertinent language of § 537.100, "Limitation of action—Effect of nonsuit", is:

"Every action [for wrongful death] shall be commenced within one year after the cause of action shall accrue; * * * provided, that if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, * * * such plaintiff

may commence a new action from time to time within one year after such nonsuit was suffered * * *."

It is first noted that the words "any such action" in the savings clause obviously refer, for the purposes of this appeal, to an action brought under the Missouri wrongful death statute. It is undisputed that plaintiffs attempted to bring their first action in the United States District Court for the Western District of Arkansas and under the common law of Arkansas. A logical reading of the savings clause would suggest that it cannot apply here because plaintiffs did not bring suit under the Missouri wrongful death statute within one year after their cause of action for wrongful death accrued. Plaintiffs are in no position to take advantage of the savings clause in the Missouri statute when they did not, in the first instance, bring their suit under that statute. Their original action, brought in Arkansas, attempting to assert a common-law right of action under the law of Arkansas, was not "such action" as is referred to in the Missouri statute, § 537.100, supra. If this be true, then certainly plaintiffs have not brought their action within the one-year limitation provided by the Missouri wrongful death statute. We proceed, however, to the question of whether plaintiffs' instant suit is otherwise barred.

Plaintiffs strenuously urged during oral argument that the prior dismissal was not res judicata because that dismissal went only to the pleadings and did not go to the merits, notwithstanding the fact that the first action was dismissed "on the merits" and "with prejudice". In oral argument plaintiffs' counsel cited to us Tice v. Milner, Mo., 1957, 308 S.W.2d 697, to support their distinction between a dismissal on the pleadings and a dismissal on the merits.

In *Tice*, the Missouri Supreme Court held that filing petition *stating a cause of action*, and the issuance of a summons was the "commencement" of an action within the meaning of the limitation statute so that when a voluntary nonsuit was later taken for improper service of process, the action was preserved by the savings clause. The Missouri Supreme Court carefully noted, however, that the original suit "was certainly not disposed of on its merits and it was not dismissed with prejudice, as was the fact in Conrad v. McCall, 205 Mo.App. 640, 226 S.W. 265." 308 S.W. 2d at 701.

*Tice*, therefore, appears to offer no support to plaintiffs because the court there emphasized three factors necessary to preserve the action by the savings clause: One, the first petition must state a cause of action. Admittedly, the first petition here did not state a cause of action. Two, the original suit must not be disposed of on its merits; and, three, such dismissal must not be with prejudice. Here, the dismissal was "with prejudice" and "on the merits" and under either the federal rules, Federal Rule of Civil Procedure 41(b), or the Missouri rule, Rule 67.03, Missouri Rules of Civil Procedure, V.A.M.R., a dismissal with prejudice operates as an adjudication upon the merits.

Neither does our reading of the *Tice* decision disclose any distinction between a dismissal on the pleadings and a dismissal on the merits that can aid plaintiffs' cause here. *Tice* held only that where a nonsuit was taken because the service of process in the original action was unauthorized and invalid and the venue of the first action was improper, that a second action commenced within one year of such dismissal was allowed because of the savings clause. Here, neither the service of process nor the venue in the original action was contested. Moreover, plaintiffs claimed distinction between a dismissal on the pleadings and a dismissal on the merits is irrelevant here because of Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A., which states in part:

"* * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal

for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (As amended, effective July 1, 1963.)

A dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and bars further action between the parties. See, Smoot v. Fox, 6 Cir., 1964, 340 F.2d 301; Panza v. Armco Steel Corp., 3 Cir., 1963, 316 F.2d 69, cert. denied, 375 U.S. 897, 84 S.Ct. 174, 11 L.Ed.2d 125. Additionally, a dismissal for failure to state a cause of action is a final judgment on the merits sufficient to raise the defense of res judicata in a subsequent action between the parties. Rhodes v. Meyer, 8 Cir., 1964, 334 F.2d 709, 716; Wight v. Montana-Dakota Utilities Co., 9 Cir., 1962, 299 F.2d 470, cert. denied, 371 U. S. 962, 83 S.Ct. 541, 9 L.Ed.2d 509, rehearing denied, 372 U.S. 932, 83 S.Ct. 872, 9 L.Ed.2d 736. This court, in Engelhardt d/b/a Engelhardt's Camera Store v. Bell & Howell Co., 8 Cir., 1964, 327 F.2d 30, 32, said:

"The law of res judicata as it relates to claim preclusion is firmly established. In a subsequent action by the same parties, a judgment on the merits in a former action based upon the same cause of action precludes relief on the grounds of res judicata. *The judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have been decided.* Tait v. Western Md. Ry. Co., 289 U.S. 620, 623, 53 S. Ct. 706, 77 L.Ed. 1405; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; Guettel v. United States, 8 Cir., 95 F.2d 229, 230, 118 A.L.R. 1060." (Emphasis supplied.)

It would clearly appear that plaintiffs' present suit could properly have been dismissed as res judicata.

Even assuming that plaintiffs' original action was properly "commenced" within the purview of the sav-

ings clause, § 537.100, and that the dismissal of that first action did not operate to bar this action, and that the adverse decision in the first suit was a nonsuit within the meaning of § 537.100, yet the lower court's dismissal must still be affirmed because plaintiffs failed to comply with the one-year nonsuit limitation of § 537.100. The dismissal of the first suit was affirmed here on April 14, 1965, rehearing denied May 10, 1965, and our mandate was issued May 21, 1965. Glick v. Ballentine Produce, Inc., 343 F.2d 839. Without seeking a stay of the mandate issued by this court following the affirmance, the plaintiffs petitioned the Supreme Court for a writ of certiorari. Their petition was denied on October 25, 1965. Glick et al. v. Ballentine Produce, Inc., 382 U.S. 891, 86 S.Ct. 184, 15 L.Ed.2d 149. The present action was not filed until October 18, 1966, or more than one year after our mandate issued on May 21, 1965.

Plaintiffs argue that the nonsuit under § 537.100 dates from the time of final disposition of the suit, which leaves the merits untouched, and that such final disposition did not occur in the original action until the Supreme Court's denial of certiorari. We cannot agree with plaintiffs that Adams v. St. Louis-San Francisco Ry. Co., 1930, 326 Mo. 1006, 33 S.W.2d 944, 83 A.L.R. 474, supports their argument. The court stated there, at page 946 of 33 S.W.2d:

" * * * 'When, in contemplation of this statute, may it be said that a party has suffered a nonsuit? I think it is when a judgment of nonsuit is entered, to the enforcement of which no legal impediment exists. * * *'

* * * * * *

" * * * When a judgment of nonsuit has been appealed from, the nonsuit does not become final, in the sense that it ends the lawsuit, until the appeal, taken with or without ap-

peal bond, has been disposed of consistently with such judgment."

The essence of the holding in *Adams* was that the failure to file an appeal bond did not start the running of the limitation period from the entry of the nonsuit rather than the termination of the appeal. With or without an appeal bond, the limitation period would begin to run when no impediment to the enforcement of the nonsuit existed. The issue here is when were the impediments to enforcing the nonsuit removed. We hold that they were removed when the mandate of this court was entered on May 21, 1965, following our affirmance of the dismissal of plaintiffs' first suit.

We find no support for the contention that the filing of a petition for a writ of certiorari prevents the judgment of this court from becoming final until the Supreme Court acts upon the petition, where no stay of mandate has been filed under 28 U.S.C.A. § 2101(f). In fact, the law appears contrary to their contention. In United States v. Eisner, 6 Cir., 1963, 323 F.2d 38, 42, the court stated:

> " * * * But the filing of a petition for certiorari does not automatically stay proceedings in the District Court to which a mandate affirming the judgment has issued. Section 2101(f), Title 28 United States Code, provides for obtaining a stay of execution and enforcement of the judgment * * *. *Eisner* did not avail himself of these remedies. His failure to do so permitted the valid execution and enforcement of the judgment in the District Court."

Compare Konstantinidis v. S. S. Tarsus, D.C.N.Y., 1966, 252 F.Supp. 114, 115. While it is true that the actual granting of a writ of certiorari does operate as a stay, see United States v. Eisner, supra, the mere petition for certiorari does not have such an effect.

Without the granting of a stay of our mandate affirming the lower court dismissal, there obviously was no impediment to the enforcement of the lower court dismissal and the one-year limita-

tion period of § 537.100 began running on May 21, 1965. The commencement of this action on October 18, 1966, came well after the one-year limitation had expired so that the savings clause could not prevent the dismissal below.

Affirmed.